# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN JORDAN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CV420-103 |
| ) | CR417-228 |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, CR417-228, doc. 90; CV420-103, doc. 11, to which Jordan Objected, CR417-228, doc. 97; CV420-103, doc. 18. Accordingly, Jordan's objections are **OVERRULED** and the Report and Recommendation ("R&R") of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

John Jordan, Jr. was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc.

57.[1] He filed the instant motion, as amended, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *See* docs. 78 & 82.

Jordan's Motion to Vacate, as amended by his Supplement, asserts multiple grounds for relief. Jordan alleges: (1) that the evidence was insufficient to convict him, doc. 78 at 4; (2) that his trial counsel was ineffective for failing to investigate by requesting DNA or fingerprint testing of the firearm, doc. 78 at 6; (3) that his prior convictions do not qualify for 18 U.S.C. § 924(e) enhancement based upon *Johnson v. United States*, 576 U.S. 591 (2015), doc. 78 at 9; (4) that his attorney was ineffective for failing to preserve the *Johnson* issue, doc. 78 at 10; and (5) that certain convictions do not qualify as § 924(e) predicates based on *Borden v. United States*, 593 U.S. 420 (2021), doc. 82. The Magistrate Judge reviewed each claim, finding that claim one was procedurally barred or defaulted, that claim two failed on the merits, that claim three was procedurally defaulted, that claim four failed on the merits, and that Jordan's supplemental grounds, including his arguments under *Borden* were procedurally defaulted and clearly meritless. *See generally*, doc. 90.

---

[1] The Court cites to the criminal docket in case CR417-228 unless otherwise noted.

The Magistrate Judge recommended that Jordan's Motion to Vacate, as amended, should be denied. *See id.* at 23.

Jordan filed an Objection on November 7, 2023, which he failed to sign. Doc. 97; *see also* S.D. Ga. L. Civ. R. 11.1. He was immediately notified of the deficiency, *see* doc. 98, but he never corrected this failure, and his Objection is therefore procedurally null. Not only is the Objection procedurally defective, but the Court has reviewed Jordan's Objection and found it to be substantively meritless as well. Doc. 97.

In his Objection, Jordan appears to now seek to recast his arguments as ineffective assistance claims to escape the procedural bar he previously encountered by arguing the substantive claims underlying those grounds. *See, e.g.*, doc. 97 at 1 (arguing he "has proved that he affirmatively did not receive competent representation but a deficient performance . . . ."); *id.* at 2 ("This is not a Johnson claim but should be reviewed under plain error.") For example, instead of arguing the trial errors relevant to the interpretations of statutes and sufficiency of the evidence as he did in his Motion, Jordan now asserts that his attorney did not conduct a thorough investigation of witnesses, allowed Jordan to stipulate to an element of the crime for which he was convicted during

3

plea deal negotiations without warning him that the stipulation would be used at trial, failed to argue for an acquittal, failed to argue against an Armed Career Criminal Act ("ACCA") enhancement, and continued to represent Jordan despite their "irretrievably broken" relationship. *Id.* at 1-2. Some of these arguments were captured in his original and supplemental motions, but others present claims distinct from those he actually raised.

The Magistrate Judge properly construed Jordan's Motion as asserting the substantive claims underlying his present ineffective assistance arguments. A review of Jordan's Motion, as amended and consolidated, reflects his original intention to pursue those claims. *See, e.g.*, doc. 82 at 3 ("Petitioner's sentence as a career offender under the ACCA must be reversed and remanded because 18 U.S.C. § 924 does not encompass Petitioner's Georgia state prior convictions . . . ."). In any event, the Objections phase is not the proper avenue to assert new grounds for relief on a § 2255 motion, and Jordan may not now amend his pleadings to assert claims that would be time barred. 28 U.S.C. § 2255(f); *Davenport v. United States,* 217 F.3d 1341, 1343 (11th Cir. 2000); Fed. R. Civ. P. 15(c)(1)(B); *Spencer v. United States*, 2022 WL 2288246, at

*3 (11th Cir. Feb. 9, 2022) (where motion argued that the government failed to prove knowledge of unlawful status, and motion to amend argued that counsel was ineffective for failing to investigate and challenge the probable cause, petition did not relate back.); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").

The Court agrees with the Magistrate Judge's recommendation that Jordan's actually-asserted ineffective assistance claim lacks merit and that Jordan's trial error claims fail. Doc. 90. Moreover, the Magistrate Judge's sound finding that Jordan's underlying ACCA arguments fail to establish prejudice to overcome his procedural default negates any possibility that his presently asserted and parallel ineffective assistance claim would be actionable even if it were properly before the Court. Doc. 97 at 1. Indeed, as with procedural default, to prove a violation of ineffective assistance under *Strickland*, a movant must show prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that, absent proof of actual prejudice "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary

5

process that renders the result unreliable."); *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."); *see also* doc. 90 at 19 ("Thus, Jordan cannot show prejudice and is not excepted from the procedural default rule.")[2] Even if the Court were to consider the newly asserted claims, Jordan's failure to establish prejudice to overcome the default of his ACCA claim precludes his ineffective assistance allegations on that claim as well. Similarly, the Magistrate Judge reviewed the merits of Jordan's *Borden v. United States*, 141 S. Ct. 1817 (2021) claim, and found that it failed on the merits. The Court agrees, and given its failure on the merits, any ineffective assistance relevant to that claim would not have been prejudicial, and it thus also fails.

Therefore, after a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. The Court **ADOPTS** the Report

---

[2] Although the Magistrate Judge did not reach the issue of prejudice on Jordan's *Rehaif* claim, Jordan did not mention his *Rehaif* claim in his Objection purporting to seek relief on ineffective assistance. Therefore, the Court has no difficulty finding that, to the extent Jordan's Objection seeks to amend and encapsulate his underlying claims on a restated ineffective assistance theory, his claims fail.

and Recommendation, doc. 90, as its opinion and **DENIES** Jordan's Motion to Vacate, doc. 78.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** the civil case, CV420-103.

**SO ORDERED** this \_\_15\_\_ day of March, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA